[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11762
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00764-DLG-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS PORTER,
a.k.a. Devon Moss,
a.k.a. Big Shorty,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 12, 2013)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Demetrius Porter appeals his sentence imposed by the district court, following the revocation of his supervised release based on two Florida state offenses.  At sentencing, the parties discussed Porter's acceptance of responsibility, his criminal history, and the time he spent incarcerated for his underlying offenses. The district court revoked his supervised release and sentenced him to eight months' imprisonment and two years' supervised release.

On appeal, Porter argues that his sentence is unreasonable because the district court failed to discuss the 18 U.S.C. § 3553(a) factors.  Specifically, Porter contends that the court failed to provide an explanation for choosing a sentence that included an additional term of supervised release instead of a longer prison sentence with no term of supervised release.  He additionally claims that the two-year term of supervised release is a far more stringent punishment than is necessary to comply with the statutory sentencing goals set forth in § 3553(a).

We review a sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam).  Where a defendant seeks to raise a sentencing argument for the first time on appeal, we review that claim for plain error only.  *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam).  Under plain error review, the defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Rodriguez*, 398 F.3d 1291,

1298 (11th Cir. 2005) (internal quotation marks omitted).  We may then exercise our discretion to notice a forfeited error, if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id*. (internal quotation marks omitted).  Under the plain error standard, error affects a defendant's substantial rights where that error affected the outcome of the case.  *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993).

Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release based upon a preponderance of the evidence showing that a defendant has violated a condition of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006) (per curiam).  The 18 U.S.C. § 3553(a) factors that a court must consider in revoking supervised release include: (1) the nature and circumstances of the offense and the history and characteristic of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted disparities; and (6) the need to provide restitution to any victims of the offense.

3

The district court is not required to discuss each § 3553(a) factor. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted). Further, "because the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, it is sufficient that there be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing range established under the Guidelines." *United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007) (per curiam) (internal citations and quotation marks omitted). Although we do not apply a presumption of reasonableness for sentences falling within the guidelines range, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." *Talley*, 431 F.3d at 787–88.

Here, Porter faced eight to fourteen months' imprisonment, with a supervised release range of two to five years. The district court imposed a guideline-range sentence of eight months' imprisonment and two years' supervised release. In making its decision, the district court considered the statements of the parties, the probation violation report, and the Sentencing Reform Act of 1984. On the record, the parties discussed Porter's acceptance of responsibility, his criminal history, and the time he spent incarcerated for the underlying criminal offenses.

*See* 18 U.S.C. § 3583(e).  While the district court did not explicitly discuss the § 3553(a) factors, it is clear that there was "some indication that the district court was aware of and considered the Guidelines" when it addressed the parties' arguments.  *See Campbell*, 473 F.3d at 1349 (internal quotation marks omitted); *see also Talley*, 431 F.3d at 786 (district court is not required to "state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors" (internal quotation marks omitted)).

Even if the district court failed to adequately discuss the § 3553(a) factors, Porter has not shown that such error affected his substantial rights by affecting his sentence.  *See Olano*, 507 U.S. at 734, 113 S. Ct. at 1778 (to affect substantial rights, error "must have affected the outcome of the district court proceedings").  Similarly, Porter has offered no explanation as to how his guideline-range term of imprisonment and supervised release is greater than necessary to comply with the statutory sentencing goals.  *See Talley*, 431 F.3d at 787–88.  Accordingly, Porter's sentence is reasonable, and we affirm the district court.

**AFFIRMED.**